**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>          Plaintiff,<br><br>   v.<br><br>GUADALUPE M. GONZALEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:11-cv-02112-AWI-SKO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR REMOVAL AND REMANDING ACTION TO KERN COUNTY SUPERIOR COURT**<br><br>(Docket No. 1)<br><br>**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO PROCEED IN *FORMA PAUPERIS* AND MOTION TO DISMISS**<br><br>(Docket Nos. 2, 3) |

**I. INTRODUCTION**

On December 22, 2011, Defendants Guadalupe M. Gonzalez and Saul V. Gonzalez ("Defendants") filed a document entitled "NOTICE AND MOTION OF REMOVAL OF THE ABOVE ENTITLE[D] CASE TO THE UNITED STATES DISTRICT COURT FOR THE US DISTRICT OF CALIFORNIA" (the "December 22, 2011, Notice"). (Doc. 1.) The December 22, 2011, Notice alleges that the basis of removal is the violation of Defendants' rights under 15 U.S.C. Sections 1629e(10), 1629g(a)(3), and 1692(g)(a)(5) of the Fair Debt Collection Practices Act

("FDCPA"). (Doc. 1, 2:16-3:18.) Also on December 22, 2011, Defendants filed a motion to proceed without the prepayment of fees and a motion to dismiss. (Docs. 2, 3.)

For the reasons set forth below, Defendants' motion for removal is DENIED and the action is remanded to the Kern County Superior Court. As such, Defendants' motion to proceed in *forma pauperis* and motion to dismiss are DENIED AS MOOT.

## II.  DISCUSSION

**A.      Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

**B.      The Court Cannot Determine if Defendants' Removal Notice Was Timely**

Pursuant to 28 U.S.C. Section 1446(b), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." When removability is uncertain, the 30-day period is measured from the point at which a defendant had notice that the action is removable; however, removal based on diversity must be effected within one year after the case is filed. *See* 28 U.S.C. § 1446(b).

The underlying state court case, no. D-1503-CL, an unlawful detainer action, was filed in Kern County Superior Court on November 17, 2011. Defendants do not provide information as to when they were served with the complaint. No proof of service of the complaint was included with the Defendants' removal notice, which was filed on December 22, 2011, thirty-five (35) days after the complaint was filed in state court. As there is no proof of service submitted, the Court cannot determine if Defendants' notice of removal was timely filed within thirty (30) days from the date of service as required under 28 U.S.C. Section 1446(b).

Nonetheless, "[u]ntimeliness of removal does not allow the court to sua sponte remand the action to superior court because an untimely removal notice is a non-jurisdictional procedural defect that may be waived by a party failing to raise it." *McGuire v. California*, No. C-09-5918 VRW (PR), 2011 WL 97736 at *1 (N.D. Cal. Jan. 12, 2011) (citing *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)). Here, Plaintiff has not yet filed a response to Defendants' removal notice and thus has not raised this defect.[1] Further, "whether the action should remain [in federal court] depends on whether the court has subject matter jurisdiction." *Id*. As discussed below, this Court lacks subject matter jurisdiction.

**C.     This Court Lacks Subject Matter Jurisdiction**

**1.     No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

The December 22, 2011, Notice provides a copy of the complaint that is the subject of this removal. (Doc. 1, pp. 6-24.) The complaint contains a single claim for unlawful detainer arising under California Code of Civil Procedure Section 1161a(b)(3). (Doc. 1, pp. 12-16.)

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants' removal notice asserts a defense of violations of the FDCPA under Title 15 U.S.C. Sections 1629e(10), 1629g(a)(3), and 1692(g)(a)(5). (Doc. 1, 2:16-3:18.)

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). As Defendants' notice of removal was filed on December 22, 2011, (Doc. 1), the time period permitting Plaintiff to file a motion for remand has not yet passed.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. As such, there is no jurisdictional basis for removal since the unlawful detainer action, on its face, fails to raise a federal question.

**2.      No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The complaint was filed as a limited civil case and does not allege damages in excess of $75,000. Rather, the caption of the complaint expressly states that the amount demanded does not exceed $10,000. (Doc. 1, p. 12.) When a plaintiff alleges damages in an amount less than the jurisdictional minimum, "a defendant will be able to remove the case to federal court by showing to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).[2]

Here, Defendants do not establish that the amount in controversy exceeds $75,000 and fail to submit any evidence to meet their burden. (*See* Doc. 1.) Further, courts have found "that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction." *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Bravo*, No. CV

---

[2] As *Lowdermilk* was predicated on removal under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), there is a question whether the legal certainty standard is also applicable in the 28 U.S.C. § 1332(a) removal context. The Ninth Circuit specifically left this question unanswered in *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Court notes, however, that several district courts have applied *Lowdermilk* in the Section 1332(a) removal context. *See, e.g., Lara v. Trimac Transp. Servs,* No. CV 10-09226 MMM, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010). Here, however, the Court has no need to reach the question of whether *Lowdermilk* should apply in the context of a Section 1332(a) removal. Even if Defendants were held to the lower standard of establishing the amount in controversy by a preponderance of evidence, Defendants' removal notice does not satisfy that evidentiary standard.

08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009). As such, the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

Additionally, under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Defendants' removal notice fails to allege Defendants' citizenship, but the Court notes that Defendants, representing themselves in *pro se*, indicate that their address is located in Delano, California. (Doc. 1, 1:1-3.) Plaintiff's complaint indicates that Defendants resided in the State of California and that they were in possession of and occupying real property located in Kern County. (Doc. 1, 13:3-6.) Further, this action is for an unlawful detainer and indicates that Defendant's home address is located in Delano, California. (*See* Doc. 3-3, ¶¶ 2-5, p. 10.) As such, Defendant's California residency negates removal jurisdiction based on diversity. 28 U.S.C. § 1441(b).

Accordingly, the December 22, 2011, Notice provides no actual basis for federal jurisdiction, and any implied basis of federal jurisdiction is not a proper basis for removal. Defendants' motion for removal is DENIED and the action is REMANDED to the Kern County Superior Court.

**D.     Defendants' Motion to Proceed In *Forma Pauperis* and Motion to Dismiss are Moot**

Defendants filed a motion to proceed without the prepayment of fees and a motion to dismiss Plaintiff's complaint. (Docs. 2, 3.) In light of the Court's finding that it lacks subject matter jurisdiction, Defendants' motion to proceed in *forma pauperis* and motion to dismiss are DENIED AS MOOT.

### III.     CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Defendants' motion for removal is DENIED.
2. This action is REMANDED to the Kern County Superior Court;
3. Defendants' motion to proceed in *forma pauperis* is DENIED AS MOOT;
4. Defendants' motion to dismiss is DENIED AS MOOT; and

5

5.      The Clerk of the Court is DIRECTED to serve a copy of this order on the Kern County Superior Court.

IT IS SO ORDERED.

**Dated:    January 10, 2012**                             /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE